IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:25-CV-00328

| ORION CHRISTY, | ) | |
|---|---|---|
| | ) | **NOTICE OF REMOVAL** |
| Plaintiff, | ) | |
| | ) | Formerly 25CV005528-100 |
| v. | ) | Buncombe County |
| | ) | Superior Court Division |
| FEDERAL EMERGENCY | ) | |
| MANAGEMENT AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, on behalf of the Defendant Federal Emergency Management Agency ("FEMA"), by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1) and 1446, and hereby makes this special and limited appearance[1] while preserving all defenses and removes to the United States District Court for the Western District of North Carolina, Asheville Division, the action styled *Orion Christy v. Federal Emergency Management Agency,* 25CV005528-100, which was filed in the Superior Court for Buncombe

---

[1] This special and limited appearance is made because Plaintiff has not properly served FEMA. *See infra* ¶ 9, which explains that "special appearance" is not necessary in federal court when all defenses are being preserved. The undersigned uses this term out of an abundance of caution since this document will be filed in both federal and state court.

County, North Carolina. In accordance with 28 U.S.C. § 1446(a), the United States provides the following short and plain statement of the grounds for removal:

1. On September 9, 2025, Orion Christy, (hereinafter "Plaintiff") commenced this civil action by filing a Complaint in the Superior Court Division of Buncombe County, North Carolina (hereinafter "Complaint"). Attached hereto as Exhibit A. The FEMA is named as the Defendant.

2. In the Complaint, Plaintiff alleges that FEMA "denied assistance," "refused to process or approve . . . aid," discriminated under the Stafford Act, and violated the Rehabilitation Act, Americans with Disabilities Act, Administrative Procedures Act, and FEMA's regulations. Plaintiff seeks $120,000 in compensatory damages and other relief.

3. FEMA has not been properly served.

4. Federal Court jurisdiction for the removal of this action is based upon multiple independent grounds. These grounds for removal while independent bases for removal, also mutually reinforce each ground for removal. Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1442(a)(1).

5. First, Plaintiff alleges claims against FEMA which is a federal agency. Section 1442(a)(1), of Title 28, United States Code, provides that lawsuits against federal agencies may be removed to federal court, in pertinent part that:

> (a) A civil action . . . that is commenced in State court and that is against or directed to any of the following may

> be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.
>
> (1) The United States or any agency thereof . . . ;

28 U.S.C. § 1442(a)(1). Plaintiff's claims allege improper administration of disaster assistance by FEMA. FEMA has multiple defenses to these claims including but not limited to insufficiency of service, insufficiency of process, lack of subject matter jurisdiction, lack of personal jurisdiction, failure to exhaust administrative remedies, failure to state a claim upon which relief can be granted, sovereign immunity, the Stafford Act, and other jurisdictional and non-jurisdictional defenses.

6. Second, under 28 U.S.C. § 1441(a), the United States District Courts have subject matter jurisdiction of Stafford Act, Rehabilitation Act, Americans with Disabilities Act, Administrative Procedures Act ("APA"), and other claims and actions arising under FEMA's regulations, as set forth in 28 U.S.C. § 1346 (b)(1). To the extent Plaintiff alleges jurisdiction under the APA, that statute cannot provide an independent ground for jurisdiction. 5 U.S.C. § 702. As the Fourth Circuit has explained:

> The APA "is not a jurisdiction-conferring statute." *Trudeau v. FTC,* 456 F.3d 178, 183 (D.C.Cir.2006). Rather, the jurisdictional source for an action under the APA is the "federal question" statute, which grants the district court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, and thereby "confer[s] jurisdiction on federal courts to review agency action." *Califano v. Sanders,* 430 U.S. 99, 105, 97 Sc.D.. 980, 51 L.Ed.2d 192 (1977). The judicial review provisions of the APA, *see*

> 5 U.S.C. §§ 701–706, simply provide "a limited cause of action for parties adversely affected by agency action." *Trudeau,* 456 F.3d at 185; *see Bowen v. Massachusetts,* 487 U.S. 879, 891 n. 16, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court ha[s] jurisdiction under 28 U.S.C. § 1331.").

*Lee v. U.S. Citizenship & Immigr. Servs.,* 592 F.3d 612, 619 (4th Cir. 2010). Accordingly, this is a "civil action" "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(c).

7. Third, Plaintiff's challenges to the administration of federal disaster programs present claims that "arise[s] under . . . the laws . . . of the United States." *See* 28 U.S.C. § 1441.

8. Removal is timely.[2] FEMA has not been properly served[3] with a copy of the Summons and Complaint as required by Fed. R. Civ. P. 4(i). Rule 4(i)(1) of the Federal Rules of Civil Procedure sets forth the procedure for effecting service of

---

[2] *See King v. United Way of Central Carolinas, Inc.*, No. 3:-09-CV-164-MDR, 2009 WL 2426303 at *3 (W.D.N.C. Aug. 5, 2009) (holding that a defendant may remove an action prior to perfection of service of process, noting "the fact that this time period has not yet begun to run does not prohibit the defendant from exercising his right to remove.").

[3] On September 9, 2025 the Summons and Complaint were served on the U.S. Attorney's Office, but there is no proof that FEMA or the United States Attorney General have been served.

process on the United States, and provides that service of process upon the United States is made by taking the following steps:

> . . .deliver[ing] a copy of the summons and complaint to the United States attorney for the district where the action is brought . . . or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] . . .
>
> Send[ing] a copy of each [summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B). To serve a United States agency or corporation, "a party must serve the United States and also send a copy of the Summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

9. By filing this Notice of Removal, the United States preserves all defenses, including all defenses set forth in Federal Rules of Civil Procedure 12(b)(2)-(5), including lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. *See* Fed. R. Civ. P. 12(h); *see also AMA Sys., LLC v. Vonnic, Inc.*, No. 1:22-CV-00652-JRR, 2022 WL 2161715, at *5 (D. Md. June 15, 2022) (finding no waiver of Rule 12(b)(2) & (b)(3) defenses where defendants initially filed notices of appearance and a motion to extend time to respond prior to seeking dismissal, in part because the initial filings did not ask the Court to analyze the case's merits); *Glynn v. EDO Corp.*, 641 F. Supp. 2d 476, 487 (D. Md. 2009) (filing initial appearance does not waive Rule 12 jurisdictional

defenses); *cf. Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (4th Cir. 1967) ("[S]ince the advent of Rule 12(b), Fed. R. Civ. P., the distinction between general and special appearances in federal practice has been abolished. There is no longer any necessity for appearing specially, as subdivision (b) provides that every defense may be made either in the responsive pleading or by motion.") (citation and internal marks omitted).[4]

10. A copy of the Notice of Removal will be promptly filed in case file number 25CV005528-100 in the Superior Court Division, Buncombe County, North Carolina, and notice will be provided to Plaintiff at the address as listed in the Certificate of Service.

WHEREFORE, this action previously pending in the Superior Court for Buncombe County, North Carolina, and identified as *Cristy v. FEMA,* 25CV005528-100, is hereby removed to the United States Court for the Western District of North Carolina.

---

[4] This Notice of Removal is also being filed in state court, where "special appearance," as distinguished from general appearance, is still used. *See Slattery v. Appy City, LLC*, 385 N.C. 726, 731, 898 S.E.2d 700, 705 (2024) ("Thus, if a defendant makes a general appearance without objecting to personal jurisdiction or the sufficiency of service of process, those defenses are waived, and the court may properly exercise personal jurisdiction."); *In re Blalock*, 233 N.C. 493, 503, 64 S.E.2d 848, 855 (1951) ("An appearance merely for the purpose of objecting to the lack of any service of process or to a defect in the process or in the service of it, is a special appearance. In such case the defendant does not submit his person to the jurisdiction of the court.").

Respectfully submitted, this the 25th day of September, 2025.

        RUSS FERGUSON
        UNITED STATES ATTORNEY

        **s/GILL P. BECK**
        ASSISTANT UNITED STATES ATTORNEY
        CHIEF, CIVIL DIVISION
        N.C. Bar No. 13175
        Room 233, U. S. Courthouse
        100 Otis Street
        Asheville, North Carolina 28801-2611
        Phone: 828-271-4661
        Fax: 828-271-4327
        Email: gill.beck@usdoj.gov

# CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 25th day of September, 2025.

                                                    s/GILL P. BECK
                                                  Assistant United States Attorney
                                                  Chief, Civil Division

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was duly served upon the party herein by mailing a copy thereof, postage prepaid and properly addressed at the last known addresses as follows:

Orion Christy
2105 Pisgah Highway
Candler, NC 28715

This the 25th day of September, 2025.

                                                **s/GILL P. BECK**
                                                Assistant United States Attorney
                                                Chief, Civil Division